### POST MORTGAGE AND LAND COMPANY v. JOSEPH FRANK DAVIS.

Submitted June 6, 1916—Decided November 8, 1916.

1. In this case, which is an action of ejectment, in which both parties to the suit relied upon a paper title, the testimony and exhibits being examined—*Held*, the verdict of the jury in favor of the defendant was not against the weight of the evidence.

2. A paper-writing, which recites that "in consideration of a better business feeling and to avoid future litigation between us do quit-claim," &c., endorsed "Quit-claim and settlement of lines," has none of the elements of a deed. It was not error to admit such a paper-writing in evidence on the ground that it was not recorded in accordance with the Conveyances act. *Comp. Stat., p.* 1553, § 54.
3. It was not error to admit in evidence a copy of a referee's report and rule for judgment in the Supreme Court, endorsed by the clerk, as a true copy, certified under the hand of the clerk and seal of the court, April 8th, 1806.
4. In this case it was not error to admit in evidence a non-recorded deed. The fact that a deed was not recorded does not destroy its evidential value. A non-recorded deed is only void as against parties claiming under another conveyance from the same grantor, who took without notice of the unrecorded instrument. *Comp. Stat., p.* 1553, § 54.

On rule to show cause.

Before GUMMERE, CHIEF JUSTICE, and Justices TRENCHARD and BLACK.

For the plaintiff, *Arthur S. Corbin* and *E. Max Applegate.*

For the defendant, *Albert C. Abbott* and *Ulysses G. Styron.*

The opinion of the court was delivered by

BLACK, J. This was an action of ejectment brought to recover possession of a tract of land of about five hundred acres, included in a large tract of about sixteen thousand acres, in the townships of Hamilton and Weymouth in Atlantic county.

The case was tried at the Atlantic Circuit, resulting in a verdict in favor of the defendant. A rule to show cause was granted by the trial judge. The plaintiff specifies six grounds upon which it relies for a new trial. First and second, that the verdict is against the evidence and the weight of the evidence. Each of the parties claims to hold the legal paper title. The controversy relates exclusively to the paper title and not to any title derived by adverse possession.

The plaintiff claims to trace its title back to the council of the West Jersey Proprietors. Numerous documents, deeds

and wills, maps and other papers, have been introduced on the side of the plaintiff to show its title. Also the testimony of a witness, Ralph L. Goff, a surveyor, that the *locus in quo* is embraced within the documents offered by the plaintiff; on the other hand, the defendant contends that the plaintiff has failed to show the true legal title for the *locus in quo*, and that he, the defendant, has the true legal title. The defendant also claims to be the owner by a title, coming from the same source as that of the plaintiff. An action of ejectment was brought by Charles Shoemaker and his associates, in the Supreme Court, in 1805, against one John Ford, involving some at least of the *locus in quo*. The same year, a survey was made of the land by Matthew Collins, deputy surveyor general of this state, which was put in evidence. Two witnesses, John T. Ashmead and Raymond P. Thompson, surveyors, testified that the *locus in quo* is the same as that shown by the Matthew Collins map of 1805. The trial, which was had before referees, resulted in favor of Ford. The defendant's title comes from Ford; the plaintiff's title comes down through the Shoemaker's ownership. After a close examination of the various exhibits, we are inclined to think that the finding of the jury in favor of the defendant was right. In a conflict of testimony, where the facts found by the jury will sustain the verdict, the court should not set it aside, even though the jury might upon the evidence have found otherwise. *Knickerbocker Ice Co.* v. *Anderson,* 31 *N. J. L.* 333, 335; *Faux* v. *Willett,* 69 *Id.* 52; *Garrett* v. *Driver Harris Wire Co.,* 70 *Id.* 382.

The next insistence is that the trial court erred in admitting in evidence a paper-writing, offered by the defendant, which was executed by John Ford and Samuel Richards in 1816. This Samuel Richards stood in the same right that Charles Shoemaker and his associates did. The paper-writing recites, that "in consideration of a better business feeling and to avoid future litigation between us, do quit-claim, establish and agree with each other forever," &c. This paper seems to be an agreement, between the parties, fixing the boundary line between their respective properties. It is endorsed a

"quit-claim and settlement of lines." It has none of the elements of a deed. It does not purport to convey anything; it contains no words of grant; it effected no change in possession, but merely established the property line. The contention, therefore, that it ought not to have been admitted in evidence because it was not recorded, is answered, as the statute appealed to, the Conveyances act (*Comp. Stat., p.* 1553, § 54), only applies to non-recorded deeds. This paper is in all essentials unlike the Iliff-Denny deeds, considered by Vice Chancellor Leaming in the case of *McGrath* v. *Norcross, 78 N. J. Eq.* 120, 128.

There is no merit in the next point, viz., the court erred in allowing counsel for the defendant to read this exhibit to the jury. If the exhibit was competent evidence, it was of course proper to permit it to be read to the jury. It is next contended that it was error to permit the defendant to put in evidence what purported to be a copy of the referee's report and rule for judgment, endorsed by the clerk of this court as a true copy, in the Shoemaker-Ford ejectment suit, on the ground that the original should have been produced or its loss proved. This copy was a certified copy of the report, under the hand of the clerk and the seal of the court. This certification of the copy was made on April 8th, 1806. It was properly admitted as a certified copy of the record or of a part of the record. Moreover, the case shows that the report itself had disappeared from the files of the clerk's office. It is further claimed, which is the last insistence, that it was error for the trial court to admit in evidence a non-recorded deed, made by one James Davis to John Ford, dated September 25th, 1813. The fact that the deed was not recorded did not destroy its evidential value. The non-recorded deed is only void as against parties claiming under another conveyance from the same grantor, and who took without notice of the unrecorded instrument. *Comp. Stat., p.* 1553, § 54. In the present case the plaintiff does not claim any interest under the Ford title. The defendant was entitled to prove the unrecorded deed, to trace his own right, through John Ford. The land in the Davis deed had originally be-

longed to Ford. Ford and wife, on December 13th, 1804, conveyed it to Davis by a deed, which is on record, and Davis some years afterward reconveyed.

The rule to show cause is discharged.